# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Case No. CR-1-04-057-1** |
| **Plaintiff** | **(Beckwith, Chief Judge)** |
| **v.** | |
| | **PLEA AGREEMENT** |
| **JAMES ANDRE BLACK** | |
| **Defendant** | |

       The United States Attorney for the Southern District of Ohio and the above named defendant by and through counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, agree as follows:

1.      The defendant will plead guilty to **Count Two** and **Count Three** of the Indictment, charging the defendant with Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) & (d) and Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

2.      The defendant acknowledges understanding the nature and elements of the offense charged and to which the defendant is pleading guilty.

3.      The statutory penalties for violating 18 U.S.C. §2113(a)&(d), are imprisonment for not more than twenty five (25) years, a fine not to exceed $250,000.00, and not more than five(5) years of supervised release. The Court may also order the defendant to pay restitution.

4.      The statutory penalties for violating 18 U.S.C. § 924(c)(1)(A)(ii), are imprisonment for a mandatory minimum of seven years and a maximum of life to run consecutive to any term of imprisonment imposed in **Count Two**, a fine not to exceed $250,000.00, and not more than three (3) years of supervised release.

5.      Prior to the date of sentencing the defendant will pay a special mandatory assessment of $100.00 per felony conviction to the United States District Court.

6.      The defendant agrees to abide by each and every term of this agreement. If the defendant makes any statement that is materially false in whole or in part, or fails to comply with any

term of this agreement, the United States has the right to declare this agreement void and to prosecute the defendant to the full extent of the law. If this agreement or the defendant's conviction is voided for any reason, the defendant waives any statute of limitations with respect to the United States prosecuting the defendant for any offense arising from defendant's conduct in this case.

7.    The sentence in this case will be imposed by, and is within the sole discretion of, the Court. There is no agreement between the parties as to what the sentence will be. The defendant understands that the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") are advisory and not mandatory, although the Court is required to consider the Sentencing Guidelines and their application to this case in imposing sentence. The defendant understands that the Court may or may not choose to impose sentence based on the applicable sentencing range under the Sentencing Guidelines for the offense charged.

8.    The defendant has thoroughly reviewed with counsel how the Sentencing Guidelines might apply to this case. No one can predict with certainty what Guideline range will be applicable in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation. If the Court chooses to apply the Sentencing Guidelines, including upward departures, or otherwise imposes a sentence higher than expected, the defendant has no right to withdraw the guilty plea.

9.    The parties stipulate and agree that the November 1, 2003, United States Sentencing Guidelines Manual is applicable in this case.

10.    The parties stipulate that the base offense level is 20 pursuant to §2B3.1(a).

11.    The parties stipulate that the instant offense involves the armed bank robbery of the PNC Bank at 8425 Vine Street in Cincinnati, Ohio thereby increasing his base offense level by 2 pursuant to §2B3.1(b)(1).

12.    The parties stipulate that the amount of loss attributed to the instant offense is $55,505.00 thereby increasing his base offense level by 2 pursuant to §2B3.1(b)(7)( C).

13.    There is no agreement regarding the applicability of any other adjustments or departures. There is also no stipulation or recommendation about the defendant's criminal history.

14.    The defendant is pleading guilty because the defendant is in fact guilty. The Statement of Facts in this case is true and correct and is attached hereto and made a part of this agreement.

15.    There have been no representations whatsoever by any agent or employee of the United

States, or any other law enforcement agency, as to what the final disposition in this matter should and will be.

16. This agreement includes <u>non-binding</u> recommendations by the United States Attorney's Office pursuant to Rule 11(c)(1)(B), however, the defendant understands that the Court is not bound by these recommendations, and the defendant has no right to withdraw a guilty plea if the Court does not follow the recommendations set forth in this plea agreement. The United States Attorney's Office will make the following <u>non-binding</u> recommendations:

    A.    If, in the opinion of the United States Attorney's Office, the defendant accepts responsibility, and the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by U.S.S.G. § 3E1.1(a), the United States Attorney's Office will concur in the recommendation; and

    B.    If the probation office recommends the above two-level reduction, and the defendant: (1) complies with all the requirements of this agreement, and (2) delivers an executed copy of this plea agreement to the United States Attorney's Office on or before <u>September 29 , 2006 at 9:30 a.m.</u>, and (3) fully and accurately discloses to the U.S. Attorney's Office and the probation office the circumstances surrounding the relevant offense conduct the United States Attorney's Office will recommend an additional one level reduction pursuant to U.S.S.G. § 3E1.1(b), if applicable.

17. The defendant understands and acknowledges that only the United States Attorney, if he chooses to exercise discretion that is solely his, may

    a.    apply for a downward departure from the Guideline sentence pursuant to U.S.S.G. § 5K1.1, and/or

    b.    within one year of sentencing file a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, in the event the defendant provides what the United States Attorney deems to be substantial assistance to the United States.

18. If, in the opinion of the United States Attorney's Office, the defendant (1) engages in conduct defined under Application Notes 4(a) through (j) of Guideline 3C1.1, (2) commits any misconduct (including, but not limited to, committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any government entity or official) after entering into this agreement, or (3) fails to comply with any term of this plea

agreement, then the United States Attorney's Office will not be bound to make the foregoing recommendations, and the defendant will have no right to withdraw the guilty plea.

19.    If the defendant's guilty plea is not accepted by the Court or is later set aside, or if the defendant breaches any part of this agreement, then the United States Attorney's Office will have the right to void this agreement.

20.    The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States Attorney's Office in this plea agreement, the defendant waives all rights to appeal the sentence imposed, unless the sentence imposed includes a term of custody that exceeds the maximum of the Guideline imprisonment range as calculated by the Department of Probation or such Guidelines are calculated incorrectly by the Department of Probation. The United States Attorney's Office reserves its right to appeal the sentence imposed as set forth in 18 U.S.C. § 3742(b). If the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his appellate waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

21.    By virtue of pleading guilty, the defendant is not a prevailing party as defined by 18 U.S.C. § 3006A and expressly waives any right the defendant may have to sue the United States.

22.    The defendant has thoroughly reviewed all aspects of this case with counsel and is fully satisfied with counsel's legal representation. The defendant has received meaningful and satisfactory explanations from counsel concerning each paragraph of this agreement, each of the rights affected by this agreement, and the alternatives available other than entering into this agreement. After conferring with counsel, the defendant has concluded that it is in the defendant's strategic best interest to enter into this agreement in its entirety, rather than to proceed to trial.

23.    In the event the defendant does not plead guilty, or seeks to withdraw a guilty plea, the defendant waives any protection afforded by Section 1B1.8(a) of the Guidelines, Rule 11(f) of the Federal Rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence. Any statements made by the defendant in the course of any plea discussions, any proceeding under Rule 11 of the Federal Rules of Criminal Procedure, or any cooperation with the government will be admissible against the defendant without any limitation in any civil or

4

criminal proceeding.

24. The defendant agrees to give complete cooperation to law enforcement authorities and others regarding the defendant's activities and those of others in relation to the offense of conviction and other matters on the following terms and conditions:

A. The defendant shall cooperate fully, truthfully, completely and forthrightly with the United States Attorney's Office for the Southern District of Ohio and other federal, state and local law enforcement authorities identified by this Office in any and all matters the United States deems the cooperation relevant. Cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking polygraph examination(s); and participating in covert law enforcement activities. Any refusal by the defendant to cooperate fully, truthfully, completely and forthrightly as directed by United States Attorney's Office and other federal, state and local law enforcement authorities will constitute a breach of this agreement by the defendant, and will relieve the United States Attorney's Office of its obligations under this agreement or any other agreement between the parties whether entered before or after this agreement. Such a breach by the defendant will not constitute a basis for withdrawal of a plea of guilty or otherwise relieve the defendant of the defendant's obligations under this agreement.

B. The defendant shall promptly turn over to the United States or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime. The defendant agrees to the forfeiture of all assets which are proceeds of crime or traceable to such proceeds of crime and all instruments that the defendant used to aid in committing the crimes.

C. The defendant shall submit a full and complete accounting of all of the defendant's financial assets, whether such assets are in the defendant's name or in the name of a third party.

D. The defendant shall testify fully, completely and truthfully before any and all Grand Jury(ies) in the Southern District of Ohio, and elsewhere, and at any and all trials or other court proceedings in the Southern District of Ohio and elsewhere, at which the defendant's testimony may be deemed relevant by the United States.

E.    Nothing in this agreement allows the defendant to commit any criminal violation of local, state or federal law. The commission of a criminal offense during the period of the defendant's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the United States Attorney's Office of all of its obligations under this agreement or under any other agreement between the parties. Such a breach will not entitle the defendant to withdraw a plea of guilty or relieve the defendant of the defendant's obligations under this agreement. To establish a breach of this agreement, the United States Attorney's Office need only prove the defendant's commission of a criminal offense by a preponderance of the evidence.

F.    The defendant's cooperation includes making restitution in this matter in a schedule and amount to be determined by the Court.

25.    Should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or falsely implicate or incriminate any person, or fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation, the following conditions shall apply:

A.    The defendant may be prosecuted for any perjury, false declarations, or obstruction of justice, if the defendant commits such a violation.

B.    The defendant's own admissions, statements, and any information, books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the United States may be used against the defendant.

C.    The defendant will not be permitted to withdraw the guilty plea contemplated by this agreement. In the alternative, at the option of the United States, the United States may declare this entire plea agreement null and void.

26.    The defendant's plea of guilty is freely and voluntarily made and not the result of force or threats, or of promises apart from those set forth in this agreement.

27.    The defendant and the defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant, and the defendant fully and completely understands the agreement in its entirety.

28.    This document constitutes the entire agreement between the defendant and the United States Attorney's Office for the Southern District of Ohio in this matter. There are no agreements,

6

understandings or promises between the parties other than those contained in this agreement.

GREGORY G. LOCKHART
United States Attorney

10-2-06
Date

Anthony Springer (0067716)
Assistant U.S. Attorney
Atrium Two Building
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202-4166
(513) 684-3711

9-28-06
Date

James Andre Black
Defendant

9-28-06
Date

Jonathan P. Dameron
Schuh & Goldberg LLP
2662 Madison Rd.
Cincinnati, Ohio 45208
Attorney for Defendant

7

## STATEMENT OF FACTS

On April 12, 2004, at approximately 10:24 a.m., Leonard Drister, along with James Black and Trevor D. Woods, entered the PNC Bank at 8425 Vine Street in Cincinnati, Ohio, wearing masks and gloves and carrying guns. Upon entering the bank, James Black and Trevor D. Woods immediately jumped the teller counter and began removing money from the cash drawers. Leonard Drister ordered the bank employees and customers to the ground at gun point.

After stealing approximately $55,505.00, Leonard Drister along with Black and Woods left the bank. They fled the scene in a 2003 maroon Nissan Altima. After traveling a short distance, and upon arriving at the Williamsburg Apartment Complex on Galbraith Road, Cincinnati, Ohio, all three men jumped out of the maroon Nissan Altima and entered a 1999 purple Honda Accord, with California license #4UMJ190.

Following a short police chase, the driver of the 1999 purple Honda Accord lost control and crashed into a tree. As the vehicle came to a stop, Leonard Drister, James Black and Trevor D. Woods immediately exited the vehicle in an attempt to flee. Leonard Drister, armed with a 9mm Beretta model 92 FS semi-automatic handgun, serial #BER2952672, fired six gunshots at police officers as he fled. All three men were apprehended and arrested at approximately 11:25 a.m. near the intersection of Lester and Douglas Streets.

At the scene and in the back seat of the 1999 purple Honda Accord, a red canvass Marlboro bag containing approximately $54,274.00 cash stolen from the bank was recovered.

For the Court's information, the PNC Bank located at 8425 Vine Street is within the Southern District of Ohio and its deposits are and were at all times relevant to the Indictment, insured by the Federal Deposit Insurance Corporation.

*******

I have reviewed the above statement of facts with my attorney. I agree to the accuracy of the statement of facts and acknowledge the truth of the statement of facts as detailed above.

9-28-06
_____
Date

James Black
_____
James Andre Black
Defendant

9-28-06
_____
Date

Jonathan P. Dameron
_____
Jonathan P. Dameron
Attorney for Defendant

8