## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

JAMES ANDRE BLACK,
       *Petitioner,*

v.                                      Crim. No. 1:04-CR-00057-SSB-2

UNITED STATES OF AMERICA,
       *Respondent.*

### SECOND OR SUCCESSIVE MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

### I.    INTRODUCTION

Petitioner, James Andre Black, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

On February 21, 2007, this Court sentenced Mr. Black to a total term of 300 months imprisonment after finding that he was a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. The Court found Mr. Black to be a career offender after adopting the finding of the presentence report that his instant offense was a "crime of violence" and that he had at least two qualifying prior convictions that supported the career offender enhancement. Part of the 300 months also included a mandatory consecutive sentence for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Mr. Black is no longer a career offender because his instant offense of Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) no longer qualifies as a "crime of violence." Furthermore, after *Johnson*, there is no legal basis for Mr. Black's 924(c) conviction.

1

In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4B1.2(a)(2)) is also void for vagueness. Thus, the only remaining question here is whether Mr. Black's instant offense of Bank Robbery qualifies as a "crime of violence" under the "enumerated offenses" clause or "elements" clause of the career offender provision (U.S.S.G. § 4B1.2(a)). It does not qualify as a "crime of violence" under the enumerated offenses clause because it is not a generic burglary of a dwelling, arson, extortion, or use of explosives offense. Likewise, it does not qualify as a "crime of violence" under the elements clause because it does not have as an element the use, attempted use, or threat of violent physical force against the person of another.

Furthermore, the *Johnson* decision compels the conclusion that 18 U.S.C. § 924(c)(3)(B) – which forms an essential element of Count 3 – is unconstitutionally vague. While the Sixth Circuit recently held in *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016) that *Johnson* does not apply to § 924(c)(3)(B), Judge White dissented from that holding and noted that "two other circuits have addressed the issue now before the court in the context of challenges to § 16(b)," which has nearly identical language and "held the statute unconstitutionally vague under *Johnson*. (*Id.* at 398 (White, J., dissenting).[1]

---

[1] The Sixth Circuit denied Taylor's Petition for Rehearing en Banc. Taylor has indicated his desire to file a petition for writ of certiorari.

2

Mr. Black is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Mr. Black's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it within one year of the Supreme Court's decision in *Johnson*—a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. Black respectfully requests that this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

## II. STATEMENT OF FACTS

### A. Guilty Plea and Sentencing

On October 10, 2006, Mr. Black pleaded guilty to Counts Two and Three of the Indictment, charging him with Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) and Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On February 21, 2007, this Court sentenced Mr. Black to 216 months on Count Two and 84 months on Count Three to be served consecutive to the term of imprisonment in Count Two. This Court found Mr. Black to be a career offender after adopting the finding of the presentence report that his instant offense was a "crime of violence" and that he had at least two prior convictions that qualified as either "crimes of violence" or "controlled substance offenses" necessary to support a career offender enhancement. Furthermore, his § 924(c) conviction and mandatory consecutive sentence was predicated on the Bank Robbery charge.

This Court's application of the career offender enhancement and his § 924(c) conviction subjected Mr. Black to a Sentencing Guidelines range of 262-327 months

imprisonment (corresponding to offense level 31 and criminal history category VI and based upon U.S.S.G. § 4B1.1(a)(b) & (c)). This Court sentenced Mr. Black to 300 months imprisonment. Without a career offender finding and the § 924(c) conviction, Mr. Black's Guidelines range would have been 57 to 71 months of imprisonment (offense level 21, criminal history category IV).

### B. Direct Appeal

On February 21, 2007, Mr. Black filed a notice of appeal. His appeal was dismissed due to the appellate waiver in his plea agreement on December 12, 2007.

### C. Previous 2255 Petitions

On February 7, 2011, Mr. Black filed a Motion pursuant to Fed. R. Civ. P. 60(b)(4), which was construed as a 28 U.S.C. § 2255 Motion collaterally attacking the Court's determination that he qualified as a career offender under the Sentencing Guidelines. (R. 123). The Court found his motion to be untimely and the Sixth Circuit denied a certificate of appealability. On July 28, 2014, Mr. Black filed a second § 2255 motion, again challenging his career offender designation. (R. 132). The case was transferred to the Sixth Circuit, which denied Mr. Black permission to file a second or successive motion. On December 15, 2015, Mr. Black filed a third § 2255 Motion, again challenging his career offender designation, which was again transferred by this Court to the Sixth Circuit. (R. 147; 149). On March 3, 2016, the Sixth Circuit dismissed Mr. Black's case for want of prosecution, *i.e.* failure to correct his defective application.

### D. *Johnson v. United States*

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551. The Court invalidated the ACCA's residual clause because it denied fair notice and

invited arbitrary enforcement and was therefore void for vagueness under the Due Process Clause. Under *Johnson*, the identical residual clause in the career offender guideline is also void for vagueness. Thus, Mr. Black's instant offense no longer qualifies as a "crime of violence," and he is not a career offender. Also under *Johnson*, the similar residual clause in § 924(c)(3)(B) is unconstitutionally vague requiring that his conviction under that statute be vacated.

Due to the deadline for filing a *Johnson* claim, Mr. Black is filing this petition in this Court at the same time he is seeking permission to file a petition in the Sixth Circuit.

The Federal Public Defender has advised all panel attorneys to file the motion in the District Court by June 22 in order to avoid any timing problems. The FD believes the US Attorney's Office may argue that a failure to file a duplicative motion in the District Court constitutes missing of the deadline. Mr. Black asks this Court to hold his Motion in abeyance until the Sixth Circuit has authorized the filing of his § 2255 motion.

## III. ARGUMENT

### A. IN LIGHT OF *JOHNSON*, MR. BLACK DOES NOT QUALIFY AS A CAREER OFFENDER.

A defendant is subject to the career offender guideline if his instant federal offense of conviction is either a "crime of violence" or a "controlled substance offense," and he has at least two such prior convictions. U.S.S.G. § 4B1.1. An offense qualifies as a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it:

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the elements clause]; or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [known as the enumerated offenses clause], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the residual clause].

U.S.S.G. § 4B1.2(a) (emphasis added).

The Supreme Court held in *Johnson* that ACCA's residual clause (18 U.S.C. § 924(e)(2)(B)(ii)), which is identical to the residual clause referenced above, was unconstitutionally void for vagueness in all applications. In *United States v. Pawlak*, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016), the Sixth Circuit held that *Johnson* applies to the residual clause in the Career Offender Guidelines. In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that *Johnson* was retroactive on collateral review.

Therefore, Mr. Black may challenge in this § 2255 whether his instant offense qualifies as a crime of violence. It can now only qualify as a "crime of violence" if it is either one of the enumerated offenses (burglary of a dwelling, arson, extortion, or use of explosives) or satisfies the elements clause. Mr. Black's conviction does not qualify as one of the enumerated offenses, nor does it satisfy the elements clause. Therefore, Mr. Black is no longer a career offender.

### 1. Mr. Black's conviction does not qualify as a "crime of violence" under the elements clause.

#### a. The categorical approach applies in determining whether a conviction qualifies as a "crime of violence" under the elements clause.

In determining whether an offense qualifies as a "crime of violence" under the elements clause, sentencing courts must employ the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Arnold*, 58

6

F.3d 1117, 1121 (6th Cir. 1995). This approach requires that courts "look only to the statutory definitions—*i.e.*, the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (internal quotation marks and citation omitted). In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute—"including the most innocent conduct"—matches or is narrower than the "crime of violence" definition. *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012). If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

As a result, post-*Descamps*, for an offense to qualify as a "crime of violence" under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "physical force" against another person. U.S.S.G. § 4B1.2(a)(1). And "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

As further detailed below, Mr. Black's conviction for Bank Robbery in violation of § 2113(a) and (d) categorically fails to qualify as a career offender predicate.

### b. Bank Robbery is not a Crime of Violence under U.S.S.G. § 4B1.2.

Bank robbery under § 2113(a) and (d) categorically fails to constitute a "crime of violence" under the "force clause" of the guidelines because it can be accomplished by "intimidation," which does not require 1) an intentional threat 2) of violent physical force. The defendant's offense of conviction, violating section 2113(d), which requires

7

the additional element of a dangerous weapon, does not change this result. Nor does bank robbery under § 2113(a) and (d) constitute a crime of violence under the second clause of the Career Offender guideline because it is not an enumerated offense (like burglary or arson) and because, as noted above, the residual clause is unconstitutionally vague.

> Chapter 18, Section 2113 (a) of the United States code provides in pertinent part:
>
> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . shall be [punished in accordance with the remainder of the statute].
>
> Section 2113 (d) provides, in pertinent part:
>
> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be [punished in accordance with the remainder of the statute].

Under the force clause, the offense must have an element of "physical force," meaning "violent force" – that is "strong physical force," which is "capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). Federal bank robbery, as defined by § 2113 (a), does not meet this requirement because it can be accomplished by "intimidation," which does not require the use, attempted use, or threatened use of "*violent* force." Additionally, because "intimidation" under the federal bank robbery statute can be accomplished without an *intentional* threat of physical force, it fails to satisfy the intentional *mens rea* required under the force clause.

8

Mr. Black recognizes that the Sixth Circuit recently held that "[a] taking by intimidation under § 2113(a) involves the threat of physical force and a conviction that falls under the first set of elements listed in § 2113(a) is a crime of violence. *See United States v. McBride*, 2016 U.S. LEXIS 10538, *5-6 (6th Cir., June 10, 2016). However, because this issue has not yet been settled by the United States Supreme Court, Mr. Black is filing this motion to preserve his claim.

### B. IN LIGHT OF *JOHNSON*, MR. BLACK'S CONVICTION UNDER § 924(C) MUST BE REVERSED.

Mr. Black was sentenced to a consecutive 84 months under 18 U.S.C. § 924(c)(1)(A)(ii), which requires a mandatory consecutive sentence whenever a defendant uses a firearm during a "crime of violence."

The statute defines "crime of violence" as:

(A)   has an element the use, attempted use, or threatened use of physical force against the person or property of another; or

(B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

As set forth above, Federal bank robbery, as defined by § 2113(a), does not fall under the force clause in § 924(c)(3)A. It also does not fall under the residual clause in (c)(3)(B) because that definition of crime of violence is unconstitutional in light of *Johnson*, which held that similar language under § 924(e) was unconstitutionally vague.

Mr. Black understands that this Court is bound by *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016), which rejected this argument. However, the *Taylor* majority, and Judge White, in her dissent, acknowledged that two other circuits held

9

substantially similar language under 18 U.S.C. § 16(b) to be unconstitutionally vague. *Id.* at 398 (White, J., dissenting) (*citing United States v. Vivas-Ceja*, 808 F.3d 719, 722-23 (7th Cir. 2015); *Dinaya v. Lynch*, 803 F.3d 1110, 1114-20 (9th Cir. 2015)). Due to this circuit split, Mr. Black raises this vagueness challenge to preserve the issue should it make its way to the United States Supreme Court.

### C. MR. BLACK IS ENTITLED TO RELIEF UNDER 28 U.S.C. § 2255 BECAUSE (1) HIS CLAIM IS COGNIZABLE; (2) IT SATISFIES THE SUCCESSIVE PETITION REQUIREMENTS OF § 2255(H)(2); AND (3) HIS PETITION IS TIMELY.

#### 1. Mr. Black's claim is cognizable under § 2255(a).

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Black's 300-month sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. As demonstrated above, *Johnson*'s constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in U.S.S.G. § 4B1.2(a) and the similarly worded residual clause in § 924(c)(3)(B). Thus, Mr. Black's claim for relief is cognizable under the plain language of § 2255(a).

This is all that is required. Because Mr. Black's sentence was imposed "in violation of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to ordinary claims of statutory error does not apply. Only a non-jurisdictional, non-constitutional error of law must constitute "a fundamental defect which inherently results in a complete miscarriage of justice" in order to be cognizable.

10

*Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Davis v. United States*, 417 U.S. 333, 343-344 (1974); *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) ("The term 'miscarriage of justice' comes from the Supreme Court's holding that a non-jurisdictional, non-constitutional error of law is not a basis for collateral attack under § 2255 unless the error is 'a fundamental defect which inherently results in a complete miscarriage of justice.'") (citations omitted).

A claim based on *Johnson*, in contrast, is constitutional and therefore cognizable in a Guidelines case. *See Coleman v. United States*, 763 F.3d 706, 708 (7th Cir. 2014) (although an erroneous determination of an advisory guideline range "generally [is] not cognizable on a § 2255 motion," relief "is available" for "an error of constitutional . . . magnitude"); *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that "fundamental defect" standard does not apply to constitutional or jurisdictional error); Order, *Brown v. United States*, No. 15-10025 (11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a claim that a defendant was misclassified as a career offender "is generally not cognizable" under circuit law applicable to errors of statutory interpretation, "*Johnson* involved a claim of constitutional error").

Because constitutional claims are always cognizable, and *Johnson*'s constitutional holding applies with equal force to the Guidelines' residual clause, Mr. Black's *Johnson* claim is cognizable.

11

### 2. Mr. Black's successive petition satisfies the requirements of 28 U.S.C. § 2255(h)(2) because *Johnson* announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Mr. Black files this successive motion pursuant to 28 U.S.C. § 2255(h)(2) simultaneously with his motion for authorization in the Sixth Circuit. That section requires that, before this Court can consider a successive motion, the appropriate court of appeals must certify as provided in 28 U.S.C. § 2244(b)(3)(C) that a successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."

As stated above, the Federal Public Defender has advised all panel attorneys to file the motion in the District Court by June 22 in order to avoid any timing problems. The FD believes the US Attorney's Office may argue that a failure to file a duplicative motion in the District Court constitutes missing of the deadline. Mr. Black asks this Court to hold his Motion in abeyance until the Sixth Circuit has authorized the filing of his § 2255 motion.

### a. *Johnson* announced a previously unavailable new rule of constitutional law.

First, the Supreme Court's decision in *Johnson* announced a new rule. As the Supreme Court explained in *Welch*, "[i]t is undisputed that *Johnson* announced a new rule." *Welch v. United States*, 136 S.Ct. 1257 (2016)(citing *Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final")); *see also Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015)(" *Johnson* announces a new rule: it explicitly overrules the line of Supreme Court decisions that began with *Begay*, and it

broke new ground by invalidating a provision of the ACCA."); *In re Watkins*, 810 F.3d 375, 380 (6th Cir. 2015) (same).

Second, there is no question that *Johnson* announced a rule "of constitutional law." *Johnson* expressly holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563; *see also Watkins*, 810 F.3d at 380; *Price*, 795 F.3d at 732-33. It declared that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a defendant's sentence. *Johnson*, 135 S. Ct. at 2563; *see also Welch*, 136 S.Ct. at 1261 ("The *Johnson* Court held the residual clause unconstitutional under the void-for-vagueness doctrine, a doctrine that is mandated by the Due Process Clauses of the Fifth Amendment (with respect to the Federal Government) and the Fourteenth Amendment (with respect to the States)").

Finally, the rule in *Johnson* was not previously available to Mr. Black. Until *Johnson* was decided, any successive collateral attack on this basis was foreclosed.

### b. *Johnson* has been made retroactive by the Supreme Court to cases on collateral review.

Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). The Supreme Court has made *Johnson* retroactive by holding in *Welch*, 136 S.Ct. 1257 that *Johnson* announced a "substantive rule that has retroactive effect in cases on collateral review." *Welch*, 136 S.Ct. at 1263.

**3. This motion is timely under 28 U.S.C. § 2255(f)(3).**

This motion is also timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Black filed his claim within a year of that date.

### IV. CONCLUSION

For the reasons set forth above, Mr. Black respectfully asks this Court to vacate his sentence and schedule a new hearing so that he can be re-sentenced without application of the career offender provision.

Respectfully submitted,

/s/ Candace C. Crouse
CANDACE C. CROUSE (Ohio Bar No. 0072405)
Pinales, Stachler, Young, Burrell & Crouse Co., LPA
455 Delta Ave., Suite 105
Cincinnati, Ohio 45226
(513) 252-2732
(513) 252-2751 (fax)
**ccrouse@pinalesstachler.com**

Attorney for James Andre Black

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served via this Court's electronic filing system on all counsel of record on this 22nd day of June, 2016.

                         /s/ Candace C. Crouse
                         CANDACE C. CROUSE (0072405)